Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered September 19, 2011, which granted *849 plaintiffs’ motion for partial summary judgment on the issue of liability on the Labor Law § 241 (6) cause of action, affirmed, without costs.
Plaintiff Philip Capuano, a member of the Empire State’s Carpenter’s Union, Local 7, was employed by nonparty Donaldson Acoustics from 1998 until 2007. Defendant Yeshiva University, owner of the premises, retained defendant Tishman Construction Corporation pursuant to a construction management agreement for a project known as the “Block Research Pavilion.” Plaintiffs employer was retained for carpentry work to be done on the site, as well as for the installation of drywall and acoustical ceilings.
On or about February 26, 2007, plaintiff was working on the fifth floor of the job site, installing “abuse board” (a heavy duty sheetrock), when he slipped on a piece of sprinkler pipe, sustaining an injury to his back. Following a workers’ compensation hearing, it was determined that plaintiffs injuries were causally related to the accident, and plaintiff began receiving benefits.
Thereafter, plaintiff and his wife commenced this action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6). Defendants’ violation of section 241 (6) was predicated on their violation of Industrial Code 12 NYCRR §§ 23-1.7 (e) (2) (protection from tripping and other hazards) and 23-1.30 (illumination). Defendants’ answer contained general denials and affirmative defenses, including Capuano’s own culpable conduct.
Plaintiff testified that on the date of the accident, he unloaded 10 sheets of abuse board from a transport cart and leaned them against a wall. As he began carrying the first board to its installation, he slipped on a piece of discarded sprinkler pipe between 12 to 18 inches long and 1 to V-k of an inch in diameter, “did a split,” and injured his lower back. Plaintiff further testified that the room where the accident occurred was dark, with no exterior windows. At the time of the accident the temporary lighting that had been installed was not working, and plaintiff estimated that the nearest functioning lights were approximately 20 feet behind him.
Plaintiffs moved for partial summary judgment on the issue of defendants’ Labor Law § 241 (6) liability. Defendants opposed, arguing that section 241 (6) did not impose absolute liability arising from the breach, but rather required a determination as to whether the safety measures employed were “reasonable and adequate” under the circumstances. Defendants contended that there was a material issue of fact as to whether the alleged violations of the regulations existed for a sufficient period of time to be discovered and remedied. Defend *850 ants also questioned Capuano’s testimony regarding the lighting in the room, the nature and extent of his injuries, and whether the injuries occurred as a result of this accident, noting that plaintiff did not report the accident until the next day, and did not seek treatment for his pain until over two months later.
The motion court granted plaintiffs’ motion, finding that Capuano sufficiently stated a prima facie case of violations of the pertinent regulations and that the violations proximately caused Capuano’s injuries. The court concluded that defendants had not raised an issue of fact, as they had presented no testimony or affidavits from individuals with personal knowledge of the accident, but merely tried to undermine Capuano’s credibility with an unsworn medical report. The motion court also noted that there was no testimony contradicting plaintiffs statements that the area contained insufficient lighting or that there was piping present on the floor.
The motion court properly granted plaintiffs’ motion for summary judgment as to liability on the Labor Law § 241 (6) claim. Labor Law § 241 (6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation, or demolition .work is being performed (see e.g. Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]). To state a claim under section 241 (6), a plaintiff must identify a specific Industrial Code provision “mandating compliance with concrete specifications” (Ross, 81 NY2d at 505).
Here, plaintiffs met their burden of establishing liability under Labor Law § 241 (6) based upon the alleged violations of 12 NYCRR 23-1.7 (e) (2), which provides that working areas shall be kept free from the accumulation of dirt and debris and scattered tools and materials, and 12 NYCRR 23-1.30, which provides that “[i]llumination sufficient for safe working conditions shall be provided wherever persons are required to work or pass in construction . . . but in no case shall such illumination be less than 10 foot candles in any area where persons are required to [do] work.”
Defendants have not demonstrated the existence of an issue of fact concerning inadequate lighting at the work site. Defendants argue that Capuano’s claim that there was insufficient light in the room was not credible inasmuch as Capuano testified that he was able to take out his tool box, unload 10 abuse boards, and lean them against the wall. Defendants also contend that Capuano’s testimony regarding the lighting in the area was inconsistent since Capuano testified that two days prior to the *851 accident there was no problem with lighting in the area, with sufficient natural light coming through the window to light up the entire area. In addition, defendants contend that Capuano offered only “vague” statements about the quality of lighting, which are “insufficient to create an inference that the amount of lighting fell below the specific statutory standard” (Carty v Port Auth. of N.Y. & N.J., 32 AD3d 732, 733 [2006] [internal quotation marks omitted], lv denied 8 NY3d 814 [2007]). In addition, defendants posit that Capuano’s statements that the nearest artificial light was 20 feet away, and his contention that the lighting was “bad,” were insufficient to create an inference that the amount of light fell below the specific statutory amount of 10 foot candles. Taken together with plaintiffs statement that there was natural light coming through the windows during the daytime sufficient to light up the area, defendants argue that an issue of fact exists as to whether the lighting was sufficient.
Defendants’ arguments are unavailing. In the first instance, defendants’ characterization of plaintiffs testimony concerning the structure of the fifth floor work space is misleading. Defendants’ summary of plaintiffs testimony is that the entire area was dark or not well lit, making it improbable that he was able to unload his tools, unload the abuse boards, and then suddenly get injured when he began working. However, this summary of plaintiffs testimony is inaccurate. Plaintiff made clear that he was working in stages, in two separate rooms on the fifth floor. First, he arrived, opened his tool box, and took out his tools. Next, plaintiff stated that he unloaded the board from the cart, and leaned them against the wall. Then, he began, piece by piece, to bring the abuse boards into the room where they were to be installed. Plaintiff stated that there was sufficient natural light in the area where he unloaded the boards, which was where the windows were located. However, there was insufficient light in the room where he brought the boards to be installed; that area had no windows to provide natural light and the artificial light was not working.
Nor is it persuasive that plaintiff apparently testified that two days before the accident, there was sufficient natural light in the room. On that day, plaintiff was present in the room at about one in the afternoon; on the day of the accident, he was there in the morning, between 7:30 and 8:00 a.m. Accordingly, it cannot be said that plaintiffs affidavit is self-serving or that it contradicts his deposition testimony. Plaintiff’s affidavit simply provides additional details illuminating his prior deposition testimony. Apart from attempting to attack plaintiffs cred *852 ibility, defendants have failed to proffer any evidence that would raise a question of fact as to the adequacy of the lighting. Concur — Gonzalez, Sweeny, and Renwick, JJ.
Saxe and Acosta, JJ. concur in a separate memorandum by Acosta J. as follows: